[L.A. No. 31291. Sept. 2, 1980.]

ROBERT DE WITTE CHATTERTON, Petitioner, v.
MARCH FONG EU, as Secretary of State, etc., et al., Respondents;
ROBERT FITZGERALD et al., Real Parties in Interest.

COUNSEL

Robert De Witte Chatterton, in pro. per., for Petitioner.

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Respondents and for Real Parties in Interest.

OPINION

THE COURT.—Petitioner seeks a writ of mandate to compel respondent March Fong Eu, the Secretary of State of California, to certify Office No. 11 of the Orange County Superior Court and the run-off candidates therefor for inclusion on the November 4, 1980, general election ballot, and to compel respondent A. E. Olson, the Orange County Registrar of Voters to include that office on the ballot. ■
We held in *Stanton v. Panish, ante*, page 107 [167 Cal.Rptr. 584, 615 P.2d 1381], that whenever the elective process has commenced in the

last year of an incumbent's term by the qualification of one or more candidates for a superior court office the election must proceed notwithstanding the subsequent accrual of a vacancy in that office. Petitioner is, therefore, entitled to the relief sought and we direct issuance of the writ.

On November 5, 1979, Judge H. Walter Steiner, the incumbent of Office No. 11, whose six-year term was to expire at the end of 1980, announced that he would not be a candidate for a new term. Petitioner and three other persons subsequently qualified as candidates for the office and were included on the ballot at the June 3, 1980, primary election. Petitioner received the greatest number of votes, but less than a majority, resulting in the necessity for a run-off election at the November 4, 1980, general election. Judge Steiner retired as of 5 p.m. on June 3, 1980. Respondent Eu thereafter advised petitioner that the retirement of the incumbent precluded certification of the office or the candidates for the November 1980 election. In so doing she expressed her belief that the result was mandated by article VI, section 16, subdivision (c) (hereinafter section 16(c)), of the California Constitution.

Inasmuch as the vacancy in Office No. 11 accrued in the last year of the incumbent's term at a time when other persons had qualified as candidates for the office, section 16(c) does not require or permit interruption of the elective process. As we held in *Stanton* v. *Panish, supra*, that section authorizes an appointment to fill the vacancy until the elected judge assumes the office, but in these circumstances does not operate to cause cancellation of the election.

Let a peremptory writ of mandate issue directing respondent registrar to include the candidates qualified for Office No. 11 of the Orange County Superior Court on the ballot for the November 4, 1980, general election and to accept candidates' fees and statements, and directing respondent Secretary of State to certify Office No. 11 and the candidates therefor for inclusion on the ballot for that election.

Each party shall bear his or her own fees and costs incurred in connection with this proceeding.

This judgment is final forthwith.

BIRD, C. J.—I respectfully dissent for the reasons expressed in my dissenting opinion in *Stanton* v. *Panish, ante*, page 107, at page 116 [167 Cal.Rptr. 584, 615 P.2d 1381]. I would deny issuance of the writ of mandate.

**TOBRINER, J.**— I dissent for the reasons expressed in my dissenting opinion in *Stanton* v. *Panish, ante*, page 107, at page 120 [167 Cal. Rptr. 584, 615 P.2d 1381]. I would deny the requested writ.